**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NECHOMO ANTON,<br>315 Kent Road<br>Bala Cynwyd, PA 19004,<br>　　　　　　　　　　　Plaintiff,<br>　　　v.<br>WELTMAN, WEINBERG & REIS, L.P.A.,<br>520 Walnut Street, Suite 1355<br>Philadelphia, PA 19106,<br>and<br>CAPITAL ONE, N.A.,<br>4590 East Broad Street<br>Columbus, OH 43213,<br>　　　　　　　　　　　Defendants. | Civil Action No.: 26-1692<br><br>**CIVIL ACTION COMPLAINT**<br>**&**<br>**DEMAND FOR JURY TRIAL** |

## I. PRELIMINARY STATEMENT

1.　　Plaintiff brings this action for illegal acts and omissions of the above-named defendants, who used false, deceptive, and misleading representations and other unfair or deceptive acts or practices in conjunction with an attempt to collect from her an alleged debt and furnished and failed to correct false credit information and, thereby, violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x (FCRA), the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA) , and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 (FCEUA), and Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201- 9.3 (UTPCPL).  Plaintiff seeks injunctive and declaratory relief, actual damages, statutory damages, punitive damages, treble damages, costs, and attorney's fees.

1

## II. JURISDICTION AND VENUE

2.   Jurisdiction of this Court arises under FCRA, 15 U.S.C. § 1681p, FDCPA, 15 U.S.C. § 1692k(d), FCEUA, 73 P.S. § 2270.5(b), and 28 U.S.C. §§ 1331 (federal question) and 1367(a) (supplemental jurisdiction).

3.   Venue is appropriate in this federal district, pursuant to 28 U.S.C. § 1391, because events and omissions giving rise to Plaintiff's claims occurred within this federal judicial district and Defendants reside and/or regularly transact business within this federal judicial district.

## III. PARTIES

4.   Plaintiff is an adult individual residing at the address shown in the caption.

5.   Defendant Weltman, Weinberg & Reis, L.P.A. ("WWR") is a professional corporation duly organized under the laws of the state of Ohio. Said defendant maintains a principal place of business located at the address shown in the caption.

6.   Defendant Capital One, N.A., is a federally chartered bank located at the address shown in the caption. At some point during the events and omissions relevant hereto, Capital One became successor by merger to Discover Bank, and some of the actions alleged herein were performed by said Defendant in the form of its said predecessor, Discover Bank.

7.   All said parties were persons within the meaning of UTPCPL, 73 P.S. § 201-2(2).

## IV. OPERATIVE FACTS

8.   Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

9.   On March 17, 2025, WWR, on behalf of Capital One, filed, against Plaintiff, in the Court of Common Pleas of Montgomery County, Pennsylvania, Case #2025-05567, a civil action complaint, seeking to collect on an alleged "Discover Card" account.

10. On April 28, 2025, WWR, on behalf of Capital One, in response to Plaintiff's preliminary objections to said complaint, filed an amended civil action complaint.

11. On June 2, 2025, WWR, on behalf of Capital One, in response to Plaintiff's preliminary objections to said amended complaint, filed a second amended civil action complaint, a true and exact copy of which is attached hereto, incorporated herein, and marked as Exhibit "A."

12. Thereby, Defendants demanded, <u>inter alia</u>, alleged "balance transfer fees," in the amount of, apparently, 3%, for a series of transactions, including, but not limited to, that on February 21, 2017.

13. Said alleged balance transfer fees were not expressly authorized by any agreement creating the alleged debt or otherwise permitted by law.

14. Said civil action in the Court of Common Pleas caused, and continues to cause, Plaintiff to incur costs and attorney's fees to defend.

15. On June 22, 2025, among other times, prior and subsequent, Capital One furnished information to consumer reporting agencies, including, but not limited to, TransUnion and Experian. True and exact copies of said information are attached hereto, incorporated herein, and marked as Exhibits "B" and "C," respectively.

16. Said information included, <u>inter alia</u>, the amount of said alleged balance transfer fees, plus any interest and/or late fees thereon.

17. Said information failed to communicate, <u>inter alia</u>, that said amount was disputed.

18. Said furnishing of information caused, and continues to cause, damage to Plaintiff's credit history and score.

19.   On January 24, 2026, Plaintiff, and/or her agent, submitted to TransUnion, Experian, and Equifax her dispute regarding said inclusion, by Capital One, of the amount of said alleged balance transfer fees.

20.   As a result of Plaintiff's said dispute, Capital One verified its said furnishing of information.  True and exact copies of said results are attached hereto, incorporated herein, and marked as Exhibit "D."

21.   To the extent that Capital One conducted any such investigation in connection therewith, its purported investigation was not reasonable or prudent under the circumstances.

22.   At all times relevant hereto, WWR was retained by Capital One to collect from Plaintiff, on behalf of Capital One, said alleged debt.

23.   At some or all times relevant hereto, WWR represented Capital One with regard to said collection action and/or said attempted collection from Plaintiff.

24.   At all times relevant hereto, WWR operated with Capital One's full approval and authority and kept said clients fully informed of all their actions and the status of said action.

25.   At all times relevant hereto, Capital One directed said collection efforts.

## V. CLAIMS FOR RELIEF

### COUNT I—VIOLATIONS OF FCRA

26.   Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

27.   Plaintiff and Capital One were each a person within the meaning of FCRA, 15 U.S.C. § 1681a(b).

28.   Plaintiff was a consumer within the meaning of FCRA, 15 U.S.C. § 1681a(c).

29. TransUnion, Experian, and Equifax were each a consumer reporting agency within the meaning of FCRA, 15 U.S.C. § 1681a(f).

30. TransUnion, Experian, and Equifax were each a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis within the meaning of FCRA, 15 U.S.C. § 1681a(p).

31. Capital One furnished information relating to Plaintiff to a consumer reporting agency when it knew or had reasonable cause to believe that the information was inaccurate, in violation of FCRA, 15 U.S.C. § 1681s-2(a)(1)(A).

32. Capital One furnished information relating to Plaintiff to a consumer reporting agency when it was notified by Plaintiff that specific information was inaccurate and said information was, in fact, inaccurate, in violation of FCRA, 15 U.S.C. § 1681s-2(a)(1)(B).

33. Capital One furnished information relating to Plaintiff to a consumer reporting agency without notice that said information was disputed by Plaintiff, in violation of FCRA, 15 U.S.C. § 1681s-2(a)(3).

34. Said information furnished by Capital One was negative information within the meaning of FCRA, 15 U.S.C. § 1681s-2(a)(7)(G)(i).

35. Capital One was a financial institution within the meaning of FCRA, 15 U.S.C. §§ 1681a(t) and 1681s-2(a)(7)(G)(ii).

36. Capital One failed to reinvestigate based on said direct dispute of Plaintiff, in violation of FCRA, 15 U.S.C. § 1681s-2(a)(8) and 16 C.F.R. § 660.4.

37. Capital One failed to conduct an investigation with respect to said disputed information upon notice of the dispute from each of said consumer reporting agencies, as required pursuant to FCRA, 15 U.S.C. § 1681s-2(b)(1)(A).

38. Capital One failed to review all relevant information provided by each consumer reporting agency, as required pursuant to FCRA, 15 U.S.C. § 1681s-2(b)(1)(B).

39. Capital One willfully failed to comply with any or all of said requirements imposed under FCRA and/or was negligent in failing to comply with any or all of said requirements.

## COUNT II—VIOLATIONS OF FDCPA

40. Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

41. Said alleged debt was a debt within the meaning of FDCPA, 15 U.S.C. § 1692a(5), namely, an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

42. Plaintiff was a consumer within the meaning of FDCPA, 15 U.S.C. § 1692a(3), namely, a natural person obligated or allegedly obligated to pay any debt.

43. WWR was a debt collector within the meaning of FDCPA, 15 U.S.C. § 1692a(6), namely, a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts or who regularly collected or attempted to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

44. Capital One was a creditor within the meaning of FDCPA, 15 U.S.C. § 1692a(4), namely, a person to whom a debt was owed or alleged to be owed.

45. WWR used false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt, in violation of FDCPA, 15 U.S.C. § 1692e; specifically,

it falsely represented the character and/or legal status of a debt, in violation of FDCPA, 15 U.S.C. § 1692e(2)(A); and used a false representation or deceptive means to collect or attempt to collect a debt, in violation of FDCPA, 15 U.S.C. § 1692e(10).

46. WWR used unfair and/or unconscionable means to collect or attempt to collect a debt, in violation of FDCPA, 15 U.S.C. § 1692f; specifically, the collection of an amount not expressly authorized by any agreement creating the debt or permitted by law, in violation of FDCPA, 15 U.S.C. § 1692f(1).

## COUNT III—VIOLATIONS OF FCEUA

47. Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

48. Said alleged obligation was a debt within the meaning of FCEUA, 73 P.S. § 2270.3, namely, an actual or alleged past due obligation, claim, demand, note, or other similar liability of a consumer to pay money, arising out of a single account as a result of a purchase, lease or loan of goods, services, or real or personal property for personal, family, or household purposes, or as a result of a loan of money or extension of credit which was obtained primarily for personal, family, or household purposes.

49. Plaintiff was a consumer within the meaning of FCEUA, 73 P.S. § 2270.3, namely, a natural person residing in the Commonwealth of Pennsylvania who owed or was alleged to owe a debt.

50. WWR was a debt collector within the meaning of FCEUA, 73 P.S. § 2270.3, namely, a person not a creditor conducting business within the Commonwealth of Pennsylvania, acting on behalf of a creditor, engaging or aiding directly or indirectly in collecting a debt owed, or alleged to be owed, to a creditor or assignee of a creditor.

51. Capital One was a creditor within the meaning of FCEUA, 73 P.S. § 2270.3, namely, a person to whom a debt was owed or alleged to be owed.

52. Capital One violated FCEUA, 73 P.S. § 2270.4(b)(5), by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt; § 2270.4(b)(5)(ii), by falsely representing the character, amount, and/or legal status of a debt; § 2270.4(b)(5)(viii), by communicating credit information which is known, or which should have been known, to be false, including the failure to communicate that a debt is disputed; and § 2270.4(b)(5)(x), by using a false representation or deceptive means to attempt to collect a debt.

53. Pursuant to FCEUA, 73 P.S. § 2270.5(a), if a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under FCEUA, it shall constitute a violation of UTPCPL.

## VI. PRAYER FOR RELIEF

54. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants, jointly and severally, as follows:

   (a) Statutory damages of $1,000.00 from Capital One, pursuant to 15 U.S.C. § 1681n(a)(1);

   (b) Statutory damages of $1,000.00 from WWR, pursuant to 15 U.S.C. § 1692k(a)(2);

   (c) Costs of this action together with a reasonable attorney's fee, pursuant to 15 U.S.C. §§ 1681n(a)(3), 1681o(a)(2), and/or 1692k(a)(3), and 73 P.S. § 201-9.2(a);

   (d) Actual damages, including but not limited to costs and attorney's fees to defend said collection action, pursuant to 15 U.S.C. §§ 1681n(a)(1), 1681o(a)(1), and/or 1692k(a)(1), and 73 P.S. § 201-9.2(a);

8

      (e)      Punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

      (f)      Treble damages, pursuant to 73 P.S. § 201-9.2(a);

      (g)      a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, that Capital One, indeed, furnished and, then, failed to correct false credit information relating to Plaintiff and, thereby, did violate FCRA; and

      (h)      an order, accordingly, directing Capital One to forthwith inform all appropriate credit reporting agencies of such corrected and accurate information.

      (i)      Such other relief at law or equity as this Court may deem just and proper.

DATED: March 16, 2026

                                                           s/ David E. Pearson
                                                          David E. Pearson (Pa. ID No. 090945)
                                                          6983 Weatham Street
                                                          Philadelphia, PA 19119
                                                          E-mail: DavidEP137@aol.com
                                                          Telephone: (215) 849-1750
                                                          Facsimile: (215) 849-1830
                                                          Attorney for Plaintiff

## **VII. DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE THAT Plaintiff demands a trial by jury against Defendants, for each cause of action so triable.

DATED: March 16, 2026

                                          s/ David E. Pearson
                                          David E. Pearson (Pa. ID No. 090945)
                                          6983 Weatham Street
                                          Philadelphia, PA 19119
                                          E-mail: DavidEP137@aol.com
                                          Telephone: (215) 849-1750
                                          Facsimile: (215) 849-1830
                                          Attorney for Plaintiff